GRIMES, Judge.
Appellant was charged in one information with the crime of escape and in the second information with the crimes of assault with intent to commit murder in the first degree, auto theft and possession of a firearm during the commission of a felony. Appellant entered a negotiated plea of guilty which provided that the maximum penalty he would receive on the escape charge would be up to fifteen years and not more than one year on each of the charges in the three count information. According to the plea bargain, the sentences would run consecutively. The judge sentenced appellant to one year on the escape charge and five years on each of the other three offenses. In a previous appearance of this case,[1] we remanded for resentencing as to all of the offenses within the bounds of the negotiated plea arrangement.
Upon remand, appellant was sentenced to twelve years on the charge of escape and one year for assault with intent to commit murder in the first degree. The sentences were consecutive, but appellant was given credit for the time he had already spent in jail. No sentences were entered on the second and third charges of the three count information. During the course of the hearing on the resentencing, appellant made it abundantly clear that he had no desire to withdraw his guilty pleas.
Appellant now contends that any sentence in excess of one year on the charge of escape violates the principle of North Carolina v. Pearce,[2] because no new facts have been demonstrated subsequent to the first sentencing which would warrant an increased sentence. Appellant cannot have his cake and eat it too. Appellant attempts to treat the escape charge by itself. He overlooks the fact that the negotiated plea related to all of the charges. This is why we remanded the case for resentencing on all of the offenses.
As it worked out, appellant actually improved his position because he will no longer be required to serve a sentence on *52 two of the three charges in the second information, and he was only given twelve years out of a possible fifteen for the crime of escape. Under the plea bargain, he could have received up to eighteen years. He was ultimately sentenced to a total of only thirteen years.
The order of sentencing is affirmed.
MANN, C. J., and BOARDMAN, J., concur.

. Fla.App.2d, 1973, 286 So.2d 234.

. 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).